# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 13-2866

———————————————

Kathy G. White

*Plaintiff - Appellant*

v.

Kansas City Area Transportation Authority

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: March 25, 2014
Filed: March 27, 2014
[Unpublished]

——————————

Before WOLLMAN, BOWMAN, and, KELLY, Circuit Judges.

——————————

PER CURIAM.

Kathy White worked as a bus operator for the Kansas City Area Transportation Authority (KCATA) from 2006 until her voluntary resignation in August 2009. She reapplied for the same position a year later, but KCATA declined to rehire her, citing her poor attendance during her tenure with KCATA. White then brought the instant action, claiming violations of her rights under the Americans with Disabilities Act

(ADA), 42 U.S.C. § 12111, and the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601. The district court[1] granted KCATA's motion for summary judgment, and this appeal followed. Following careful de novo review, and having construed the evidence most favorably to White, see Tusing v. Des Moines Indep. Cmty. Sch. Dist., 639 F.3d 507, 514 (8th Cir. 2011), we affirm.[2]

First, we conclude that the ADA claim fails, because the record shows indisputably that White was excessively absent from work, and that regular and dependable attendance was a requirement of her position. See id. at 518 (to establish prima facie case under ADA, plaintiff must show, inter alia, that she is qualified to perform essential functions of job with or without reasonable accommodation). Second, we conclude that the FMLA claim fails, because KCATA granted her FMLA leave in 2008 when she requested it and was eligible, see 29 U.S.C. § 2615(a) (unlawful interference with exercise of FMLA rights); and further, the two-year lapse between her FMLA leave and the later adverse employment action--refusal to rehire her--is too long to establish a causal connection for purposes of an FMLA discrimination claim, see Brown v. City of Jacksonville, 711 F.3d 883, 891 (8th Cir. 2013) (8 months between return from FMLA leave and termination was too long to establish causal connection).

Accordingly, we affirm. See 8th Cir. R. 47B.

———————————————————

———————————

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

[2]We disagree with KCATA that the appeal is untimely: White filed her notice of appeal one day after the court entered its judgment in a separate document. See Fed. R. App. P. 4(a)(1)(A), (7)(A)(ii). We also decline to dismiss this appeal, as KCATA urges us to do, under Fed. R. App. P. 28: White is proceeding pro se on appeal, and her brief makes a discernable argument.